# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MOORE**, | CIVIL ACTION |
| Petitioner, | No. 05-2796 |
| v. | |
| **DAVID DIGUGLIELMO,** et al., | |
| Respondents. | |

## **MEMORANDUM**

Petitioner John Moore was convicted in state court on one count of second-degree murder, one count of criminal conspiracy, one count of possessing an instrument of crime, two counts of aggravated assault, and three counts of robbery. Moore subsequently filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court, which included both counseled and uncounseled claims. I referred the petition to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R&R"). Judge Rapoport's R&R recommended dismissing the petition, and on March 27, 2009, this court approved and adopted that recommendation. Petitioner has now filed (1) a motion for reconsideration of this court's March 27, 2009 Order,[1] (2) a motion to

---

[1] Petitioner's motion was timely filed on April 8, 2009. *See* Fed. R. Civ. P. 59(e) (allowing ten days for a motion to alter or amend the judgment); *id.* 6(a)(2)

1

amend the motion for reconsideration, and (3) numerous other motions related to his § 2254 petition.[2]

**I.**

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.' A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Where errors of law or fact are alleged, factual or legal issues may be reconsidered if they were "overlooked by the court in its decision," but "[a] motion for reconsideration is not properly grounded on a request that a court reconsider repetitive arguments that have

---

(excluding weekends and holidays from periods of less than eleven days); L.R. 7.1(g) (specifying that motions for reconsideration must be filed within ten days of the order being challenged).

[2] Because Moore timely filed a motion for reconsideration, this court retains jurisdiction over all of petitioner's motions even though he also filed a notice of appeal from the March 27 Order. *See United States v. Rogers Transportation, Inc.*, 751 F.2d 635, 637 (3d Cir. 1985) (holding that a timely motion filed under Fed. R. Civ. P. 59(e) precludes a court of appeals from exercising jurisdiction while the motion is pending); *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985) (holding that a motion captioned as one for reconsideration is treated as one made pursuant to Rule 59(e) for purposes of determining whether the district court retains jurisdiction after a notice of appeal has been filed); Fed. R. App. P. 4(a)(4)(B)(I) ("If a party files a notice of appeal . . . before [the court] disposes of [motions including motions filed under Rule 59(e)], the notice becomes effective . . . when the order disposing of the last such remaining motion is entered.").

2

[been] fully examined by the court." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (internal quotation marks omitted).

## A.

Petitioner's motion does not claim either that (1) the relevant law has changed, or (2) newly-discovered evidence is available. Instead, the motion chiefly relies on previously-submitted affidavits from four individuals – James Lamb, Lapricia Jessup, Brian Scott, and Herman Brooks. *See* Mot. at 2-4. All four affidavits in some way assert that Lamb, a cooperating co-defendant, fabricated his trial testimony against Moore. Specifically, the Lamb and Brooks affidavits both state that Lamb told Brooks that a man named "Newton," not Moore, committed the crimes with Lamb. Scott's affidavit, meanwhile, states that Lamb had earlier told him that he was going to "lie on" someone to get a better deal – and that Scott recently discovered that Lamb was referring to Moore. Finally, Jessup's affidavit states that Jessup would have testified that Lamb told her that he did not remember who assisted him in committing his crimes .

None of the affidavits demonstrates that the R&R erred in its analysis of any of the claims in Moore's § 2254 petition, and this court will therefore deny petitioner's motion insofar as it rests on the affidavits. Because neither the R&R or this court's order adopting the R&R expressly considers the effect of the affidavits, however, I briefly consider their relationship to the claims in Moore's petition.

3

Jessup's affidavit is certainly both (1) relevant to Moore's argument that his trial counsel "was ineffective for failing to investigate Moore's claims that Lapricia Jessup could have provide[d] exculpatory evidence," R&R at 9-10, and (2) potentially exculpatory on its face. Nevertheless, the possibility that Jessup would have testified to this fact was before Judge Rapoport, who correctly concluded that (1) Jessup also would have provided *in*culpatory evidence against Moore, meaning that Moore could not have been prejudiced by counsel's failure to investigate Jessup as a witness, and (2) the performance of petitioner's trial counsel was not deficient given that the state Post Conviction Relief Act ("PCRA") court found that Jessup later proved unwilling to "sign an affidavit or testify." R&R at 17. This court also adopted Judge Rapoport's recommendation that petitioner procedurally defaulted this issue by failing to fairly present it to the state courts. None of these conclusions is altered by Jessup's affidavit – or, for that matter, any of the other affidavits on which petitioner relies.

Similarly, while the affidavits may be factually relevant to Moore's claim that his trial counsel "was ineffective for failing to object to Lamb's false testimony and/or argue prosecutorial misconduct," R&R at 20, the PCRA court denied this claim on the ground that Lamb's later assertion that he lied on the stand was incredible. I adopted Judge Rapoport's conclusions that Moore had not presented "clear and convincing evidence" to rebut this "credibility determination," and that "[a]ny objection to Lamb's trial testimony would have proved meritless." *Id.* at 21. The affidavits are collectively insufficient to

4

alter these conclusions. The affidavits by Scott, Brooks, and Lamb – which variously state that it was someone named "Newton" who really assisted Lamb with the crimes for which Moore was convicted and that Lamb was "l[ying] on" Moore to get a better deal, cannot explain away the fact that "'Lamb could have recieved the same deal for his testimony against'" whoever helped him commit the crimes at issue. *Id.* at 20 (quoting Resp. Ex. K, at 4-5). The Jessup affidavit is also of no help to Moore on this score, because it contradicts the Brooks and Lamb affidavits in stating that Lamb told Jessup he did not remember who helped him commit the crimes. For these reasons, the affidavits do not provide clear and convincing evidence to overcome the PCRA court's credibility determination.

The petition also argues that the PCRA court should have held an evidentiary hearing and should not have dismissed his actual innocence claim. These arguments, however, were dismissed "[b]ecause allegations of due process violations occurring during state collateral review proceedings are not cognizable on habeas review," R&R 18, and the affidavits cannot change that rule of law.

The affidavits are simply not relevant to the remaining claims in Moore's § 2254 petition, which involve (1) the propriety of counsel's stipulating to a Coroner's report, (2) counsel's advice to Moore that he not testify on his own behalf, (3) counsel's advice that Moore waive his right to a jury trial, and (4) the trial judge's purported application of a

standard lower than guilt beyond a reasonable doubt.³

**B.**

The motion for reconsideration also asserts that petitioner "has complied with all of the stringent procedures" necessary to bring a § 2254 petition, *id.* at 7, even though this court adopted Judge Rapoport's conclusion that several of petitioner's claims were not fairly presented to the state courts and were therefore procedurally defaulted. In considering this argument, this court has discovered an error of fact in Judge Rapoport's R&R. The R&R states that Moore's arguments to the PCRA court on his first petition

---

³ Moore also suggests that the evidence at trial was insufficient to sustain his conviction, *see* Mot. at 6, but that claim was not presented in his § 2254 petition and therefore cannot be considered here. In any case, a sufficiency of the evidence inquiry extends only to evidence in the trial record and therefore could not encompass the affidavits Moore now proffers. *Herrera v. Collins*, 506 U.S. 390, 402 (1993).
 Insofar as Moore contends that he is actually innocent, meanwhile, even assuming *arguendo* that the affidavits are newly discovered evidence that may support such a claim, a demonstration of actual innocence may only be used to overcome a procedural default that would otherwise prevent a petitioner's claims of constitutional error from being heard. *See, e.g.*, *Herrera*, 506 U.S. at 400; *Goldblum v. Klein*, 510 F.3d 204, 225-26 (3d Cir. 2007). Judge Rapoport's R&R considered and rejected the merits of all but one of petitioner's claims. The remaining claim essentially argues that comments by the trial judge indicated that he convicted Moore on a standard lower than proof beyond a reasonable doubt. But although the trial judge did "t[ake] . . . very seriously into consideration" the issue of Lamb's credibility, he unequivocally stated that he was "satisfied that the . . . verdicts are supported by the evidence." Trial Tr. vol. 4, 127, May 9, 2000. There is thus no indication in the record that the judge applied an incorrect standard of proof, and Moore's argument to the contrary would lack merit even if the barrier of procedural default could be overcome.
 Because Moore's Motion to Compel the State to Present Discovery Documents (docket no. 66) is relevant only to a claim of actual innocence and not to any of the asserted constitutional errors at trial, that motion will be denied.

6

"never raised the issue of trial counsel ineffectiveness regarding the failure to investigate or call Jessup." R&R at 14. This is incorrect. Pages 3-5 of Moore's submission to the PCRA court include arguments captioned "[t]rial counsel was ineffective for failure to present a defense" and "[t]rial counsel was ineffective for failure to investigate, interview and call a witness to testify," and these arguments deal expressly with the failure to call Jessup. Gov't Resp., Ex. E, at 3-4. Petitioner thus fairly presented these claims to the PCRA court as claims concerning trial counsel.

This error does not, however, render incorrect Judge Rapoport's conclusion that Moore did not fairly present this issue to the state courts. "In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). Petitioner did not do so; in his brief to the Pennsylvania Superior Court, his claim is unambiguously one that PCRA counsel, and not trial counsel, was ineffective with regards to the handling of Jessup. *See* Gov't Resp., Ex. H. Thus, this court will grant petitioner's motion for reconsideration in part in order to correct this error of fact, but will not reconsider its denial and dismissal of the § 2254 petition.[4]

---

[4] The motion for reconsideration asks this court to revisit *all* of the issues in the petition, *see* Mot. at 6, but Moore provides no other basis for doing so. It further requests a hearing, but nothing in the motion "presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the asserted claim." *Palmer v. Hendricks*, 592 F.3d 386, 393 (3d Cir. 2010).

**II.**

On August 21, 2009 – well after the ten-day period prescribed for motions for reconsideration under both Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g) – Moore filed a motion to amend his motion for reconsideration on the basis of the Supreme Court's decisions in *Cone v. Bell*, 129 S. Ct. 1769 (2009), and *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009). "Courts are divided on the question of whether an otherwise untimely amended motion for reconsideration under Rule 59(e) relates back to the date on which the original motion was filed." *In re J.A.R. Barge Lines, Inc. L.P.*, No. 03-cv-163, 2007 WL 916876, at *3 (W.D. Pa. Mar. 23, 2007). In the circumstances of a motion to reconsider a § 2254 petition on the substantive basis of subsequent law, however, I do not think that an out-of-time amendment to a reconsideration motion is permissible. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court made clear that a Rule 60(b) motion arguing "that a subsequent change in the law is a reason justifying relief from the previous denial of a claim" is, in fact, a second or successive habeas petition. *Id.* at 531 (internal citation and quotation marks omitted). To allow petitioner to bring the same claim before this court via an out-of-time amendment to a Rule 59(e) motion would allow petitioner to accomplish what *Gonzalez* forbids merely by captioning the motion as one under Rule 59 as opposed to one under Rule 60. Accordingly, I will dismiss petitioner's motion to amend as a second or successive

8

petition.[5]

### III.

Moore has filed five other motions that require determination. Two of these, which are substantively identical, are captioned as Motions for a Certificate of Appealability pursuant to 28 U.S.C. § 2253 and are directed at the Third Circuit. The Clerk will therefore be directed to forward these motions to the Court of Appeals.

Petitioner also asks this court to take judicial notice of certain letters he wrote to his trial counsel concerning Lapricia Jessup, which he states are contained in the record of his disciplinary proceeding against counsel. This motion will be denied as moot, because

---

[5] Assuming *arguendo* that petitioner's motion to amend should instead be granted, reconsideration would remain improper. The potentially relevant portion of *Cone* rejected the argument that a "claim was properly dismissed by the state postconviction court on the ground it had been waived" when the state court had, in fact, held that the claim had been "previously determined," not waived. 129 S. Ct. at 1781. Although petitioner attempts to apply *Cone* to his argument that trial counsel was ineffective for failing to investigate or call Jessup as a witness, he did not fairly present this claim to the state courts. *See* R&R at 13. *Cone* is therefore of no help to Moore.

Nor is *Melendez-Diaz*, which held that a defendant was entitled to confront at trial forensic analysts who had provided affidavits. *See* 129 S. Ct. at 2532. Petitioner asks this court to apply *Melendez-Diaz* to the Coroner's report at his trial, but assuming for the sake of argument that that report is also a "testimonial statement" triggering the Confrontation Clause, *Melendez-Diaz* is distinguishable. Petitioner's counsel stipulated to the introduction of the Coroner's report at trial, and indeed, petitioner's claim as presented in his petition and to the state courts is one of ineffective assistance, not of a violation of the Confrontation Clause. Petitioner's claim is, in other words, governed by *Strickland v. Washington*, 466 U.S. 668 (1984), and he must therefore show that counsel's actions prejudiced him. Judge Rapoport rejected this argument, finding that the state court's determination that the stipulation did not prejudice Moore was not an unreasonable application of the *Strickland* standard. *See* R&R at 19. *Melendez-Diaz* does nothing to remedy that deficiency in petitioner's argument.

9

Judge Rapoport's R&R reflects an awareness of at least one of these letters. *See* R&R at 5. In any case, the letters do not affect the merits of petitioner's argument that trial counsel was ineffective for failing to investigate or call Jessup as a witness for the same reasons discussed above with regard to Jessup's affidavit.

Moore's penultimate motion is one for clarification. Specifically, petitioner seeks an explanation of why the docket in this case includes a form apparently appointing Barnaby Wittels as Moore's counsel dated May 26, 2009, nearly two months after Wittels ended his representation of Moore as a result of this court's order denying Moore's § 2254 petition. This motion will be granted. The answer to petitioner's question is that the form docketed on May 26, 2009 relates to Wittels's representation of Moore between November 2007 and March 2009 and was filed so that Wittels will be compensated for that representation. The form does not mean that Wittels will continue to represent Moore in the future.

Finally, petitioner has moved to appeal this court's March 27, 2009 Order in forma pauperis. Under Federal Rule of Appellate Procedure 24(a)(1), in order to file for leave to proceed in forma pauperis on appeal, petitioner is required to attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Moore's motion does not satisfy these requirements and therefore will be denied without prejudice. Petitioner may refile his motion to appeal in

forma pauperis that complies with Rule 24(a)(1).[6] A copy of that rule, as well as a copy of Form 4 of the Appendix of Forms, is attached to the annexed order and should be of assistance to petitioner in filing a proper motion.

An appropriate order is annexed to this memorandum.

---

[6] Petitioner's motion states that he proceeded in forma pauperis in this court, but that is incorrect; the docket reflects that he paid the $5.00 fee to file his § 2254 petition.